UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-21004-CR-Seitz

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ROBERTO ORTIZ-CORDERO, et.al.,

       Defendant.

_____/

## MOTION IN LIMINE
## IN RESPONSE TO GOVERNMENT'S 404(b) NOTICE

The defendant, Mr. Roberto Ortiz-Cordero, through counsel, files this motion in limine in response to the government's 404(b) notice.  The probative value of the proposed evidence is substantially outweighed by its unfair prejudice. The Court should prohibit its introduction at trial.

### RULE 404(b), *BEECHUM*, AND *JERNIGAN*

Rule 404(b) delineates when the government may utilize alleged prior bad acts to bolster the government's position at trial.  The appellate courts have grafted upon the Rule a three step analysis to guide the trial courts in determining when to allow the evidence and when to deny the evidence.  The two seminal cases, for the Eleventh Circuit, establishing this three step rule are *Beechum* and *Jernigan*.[1] *Jernigan* states the three step rule as:

---

[1] *United States* v. *Beechum*, 528 F.2d 898 (5th Cir. 1978); *United States v. Jernigan*, 341 F.3d 1273 (11th Cir. 2003).

> First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. *Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice*, and the evidence must meet the other requirements of Rule 403.

*Jernigan* at 1280(emphasis added).  It is the third step where the government stumbles.  In discussing the third step, *Jerningan* refers to *Beechum*:

> This determination lies within the sound discretion of the district judge and calls for a 'common sense assessment of all the circumstances surrounding the extrinsic offense,' *including prosecutorial need,* overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness.

*Jernigan* at 1282(emphasis added), quoting directly from *Beechum*.

The government proposes presenting a copy of a judgement for conspiracy to possess with the intent to distribute cocaine, dated July 30, 2001.

### *"including prosecutorial need"*

According to the government's discovery, an undercover law enforcement officer personally met with Mr. Roberto Ortiz-Cordero on numerous occasions and discussed the importation into the United States and the distribution within the United States of large amounts of cocaine and heroin. All of these meetings were both audio taped and video taped. The undercover officer will be testifying to the circumstances surrounding these meetings, as well as testifying to what occurred during the meetings themselves. Other undercover officers conducted surveillance of the scenes of these meetings, will be testifying to the circumstances surrounding these meetings, as well as testifying to the presence of Mr. Ortiz-Cordero at each of these

meetings. Undoubtably the government's position at trial will be that the veracity of these officers is beyond question, and that they are reliable, if not professional, eye witnesses to the instant charges. Again according to the government's discovery, post Miranda, Mr. Ortiz-Cordero freely and voluntarily confessed to committing the charged offenses. The prosecutor can be expected to ask the jury, "What more could the jury ask for?" It is be inconsistent for the government to claim a "prosecutorial need" in this instance. Absent such a "need" the Court should prohibit the introduction of the 404(b) evidence..

## CONCLUSION

The Court should prohibit the introduction of the proffered 404(b) evidence. Mr. Ortiz-Cordero requests that a hearing be held for a proper resolution of this issue.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By:   *s/ Michael Spivack*
Michael Spivack
Assistant Federal Public Defender
Florida Bar No. 0508969
150 West Flagler Street, Suite 1700
Miami, Florida  33130-1556
Tel. (305) 530-7000 / Fax (305) 536-4559
E-Mail: michael_spivack@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on **January 14th, 2009**, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF and has served same via U.S. Mail to those counsel(s) who are not authorized to receive electronically Notice of Electronic Filing.

By: *s/ Michael Spivack*

Michael Spivack